IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEACE CHURCH RISK RETENTION : <br> GROUP, (A RECIPROCAL), AS SUBROGEE : <br> OF BARCLAY FRIENDS, ET AL.  : <br>  : <br>  v. : <br>  : <br> JOHNSON CONTROLS FIRE PROTECTION LP, : <br> f/k/a SIMPLEX GRINNELL LP : | CIVIL ACTION <br><br> NO. 19-5377 |

**MEMORANDUM**

**SURRICK, J.**                                                                 **SEPTEMBER 1, 2021**

Defendant Johnson Controls moves to certify our March 31, 2021 Order for interlocutory appeal under 28 U.S.C. § 1292(b).  (ECF No. 46.)  The March 31, 2021 Order (and accompanying Memorandum) denied Johnson Control's Motion to Dismiss.  For the reasons that follow, the Motion to Certify for Interlocutory Appeal will be granted.

**I.      BACKGROUND**

A complete recitation of the facts in this case can be found in the March 31, 2021 Memorandum.  *See Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, No. 19-5377, 2021 WL 1224109, at *1-2 (E.D. Pa. Apr. 1, 2021).  In this subrogation action, Plaintiffs Peace Church Risk Retention Group and Caring Communities are liability insurers who made settlement payments on behalf of their insured, Barclay Friends Senior Living Community.  The payments were made in conjunction with settling state court wrongful death lawsuits that arose after a fire at Barclay Friends took the lives of four residents.  Defendant Johnson Controls Fire Protection, LP was responsible for monitoring and servicing the sprinkler system at Barclay Friends.  Plaintiffs allege that Johnson Control's negligence caused the fire and the untimely

deaths of Barclay Friends' residents.[1]  Under equitable subrogation, Plaintiffs assert claims against Johnson Controls on behalf of Barclay Friends, its insured, for negligence, negligent misrepresentation, fraud, and breach of implied warranty of workmanlike services.

Johnson Controls sought to dismiss the Complaint, arguing that the Plaintiff insurers are unable to assert tort claims against a third-party tortfeasor to recover payments voluntarily made to settle the wrongful death claims asserted against their insured, Barclay Friends.  The motion to dismiss was denied.  *Peace Church*, 2021 WL 1224109, at *4.  We concluded that Johnson Controls failed to demonstrate that Plaintiffs are precluded from bringing tort claims against Johnson Controls under equitable subrogation.

## II.   LEGAL STANDARD

In most cases, only "final decisions" of district courts are appealable to the courts of appeals.  *See* 28 U.S.C. § 1291.  An interlocutory order, such as the Court's March 31 Order denying Defendant's motion to dismiss, is not a "final decision."  However, interlocutory orders may be appealable if certified by the district court and subsequently accepted by the court of appeals for consideration.  *See id*. § 1292(b).  A district court may certify an order for interlocutory appeal only upon finding that: (1) the order involves a controlling question of law (2) upon which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *Id.*[2]

---

[1] The estates of the four deceased residents brought wrongful death claims against Barclay Friends, Johnson Controls, and other defendants in the Court of Common Pleas of Philadelphia County.  (Compl. ¶ 52, ECF No. 1.)  Plaintiffs, as Barclay Friends' insurers, settled those claims with confidential payments in an amount in excess of $150,000.  (*Id.* ¶ 53.)  Johnson Controls also settled the wrongful death claims asserted against it.

[2] Section 1292(b) states:

Each of these elements must be met for certification.  *Knipe v. Smithkline Beecham*, 583 F. Supp.2d 553, 599 (E.D. Pa. 2008).  However, even if they are all met, the decision to certify an interlocutory order for appeal under § 1292(b) "rests within the sound discretion of the trial court."  *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002), *aff'd sub nom. Douris v. Rendell*, 100 F. App'x 126 (3d Cir. 2004).  "The burden is on the party seeking certification to demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'"  *Id*. (quoting *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

### III.  DISCUSSION

Johnson Controls argues that the following issue should be certified for immediate appeal:  whether an alleged tortfeasor (Barclay Friends) can assert tort claims, rather than contribution and indemnity claims, to seek damages for payments that it voluntarily made to settle claims against it.  Johnson Controls does not contest Plaintiffs' equitable subrogation theory or Plaintiffs' right to step into the shoes of their insured, Barclay Friends.  Rather, it contends that Pennsylvania law does not support Barclay Friends bringing tort claims against a

---

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a *controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order*. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

third-party tortfeasor, Johnson Controls, and therefore, does not support Plaintiffs doing so under equitable subrogation.

Although Plaintiffs disagree, we are satisfied that Johnson Controls has met all the elements necessary for certification.

With regard to the first element, a "controlling question of law" is one that, "if erroneous, would be reversible on appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). There is no question that this element is met. If a third-party tortfeasor (Barclay Friends) is unable to bring tort claims against another party (Johnson Controls) to recover payments it (Barclay Friends) voluntarily made to settle claims by individuals injured by either or both parties' conduct, then the insurers cannot bring those claims on behalf of their insured under equitable subrogation. If Plaintiff insurers cannot bring these claims, then any liability Johnson Controls faces during this case must be reversed on appeal.

As to the second element, a substantial ground for difference of opinion exists when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008). Issues of first impression can present substantial grounds for difference of opinion. *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 WL 1044864, at *3 (E.D. Pa. Mar. 23, 2011) ("The sheer absence of any persuasive, let alone controlling, law on this issue is sufficient on its own to provide substantial grounds for difference of opinion.").

This is a matter of first impression. Neither party nor the Court has located one case supporting the specific theory of liability presented here—whether a party can seek money damages for voluntary settlement payments by asserting tort claims (as opposed to contribution

---

28 U.S.C. § 1292(b) (emphasis added).

and indemnity claims) against another alleged tortfeasor.  *See Nationwide*, 2011 WL 1044864, at *3 (finding second element met where no party had cited to and the court had not found any judicial opinion discussing the issue at hand).

Plaintiffs confuse Johnson Control's argument by focusing their opposition on whether equitable subrogation permits insurers to assert tort claims generally instead of limiting insurers to claims of indemnity and contribution.  Johnson Controls does not argue that insurers can never bring tort claims against third party tortfeasors.  In fact, in a related case, Barclay Friends' property insurer maintained identical tort claims against Johnson Controls for payments it made to Barclay Friends as a result of property damage caused by the fire.  *See Nat'l Fire Ins. Co. of Hartford v. Johnson Controls Fire Prot. LP*, No. 18-5379, 2019 WL 4014405, at *6-7 (E.D. Pa. Aug. 23, 2019).  However, in that case the insurer sought reimbursement for property damage claims and not for voluntary settlement payments made to extinguish third-party wrongful death claims.  The difference is critical according to Johnson Controls.  We agree.  Here, there simply are no cases permitting third-party tortfeasors to recover tort damages for payments that they voluntarily made to settle claims against them.  The second element is met.

Finally, Johnson Controls has demonstrated the third element—whether an immediate appeal may materially advance the ultimate termination of the litigation.  "A key consideration to this determination is the avoidance of harm to a party from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense."  *Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC*, No. 13-3101, 2016 WL 354881, at *3-4 (E.D. Pa. Jan. 28, 2016) (citation and internal quotation marks omitted); *see also Meyers v. Heffernan*, No. 12-2434, 2014 WL 7336792, at *4 (D.N.J. Dec. 22, 2014) (noting that the third element is met "where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that

make discovery more difficult and more expensive"). If this case is permitted to proceed, it will involve extensive fact and expert discovery at significant expense to the parties and complex damages and liability issues that could complicate trial. The purpose of Section 1292(b) is to avoid "a wasted protracted trial if it could early be determined that there might be no liability." *Katz*, 496 F.2d at 754 (citing legislative history of Section 1292(b)). The third element is also met.

IV.     **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Certify the Court's March 31, 2021 Order Denying Defendant's Motion to Dismiss (ECF No. 34) for Interlocutory Appeal under 28 U.S.C. § 1292(b) will be granted.

An appropriate order follows.

                                          **BY THE COURT:**

                                          */s/ R. Barclay Surrick*
                                          **R. BARCLAY SURRICK, J.**