IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEACE CHURCH RISK RETENTION GROUP *ET AL*. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-5377 |
| | : | |
| JOHNSON CONTROLS FIRE PROTECTION LP | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                          **OCTOBER 13, 2025**

      This lawsuit, premised on diversity jurisdiction, arises out of a 2017 fire at Barclay Friends Senior Living Community ("Barclay Friends") that killed four residents of the facility.   Plaintiffs Peace Church Risk Retention Group ("Peace Church") and Caring Communities Risk Retention Group ("Caring Communities") (collectively, "Plaintiffs") provided liability insurance to Barclay Friends and made payments on its behalf to settle wrongful death lawsuits brought by the estates of the deceased residents.   Plaintiffs filed this subrogation action against Defendant Johnson Controls Fire Protection LP ("Johnson Controls") f/k/a SimplexGrinnell LP, which maintained and monitored Barclay Friends's fire-suppression system, alleging that Johnson Controls' tortious conduct caused the fire, and seeking to recover the amount of the settlement payments Plaintiffs made on Barclay Friends' behalf.[1]

      After this Court denied Johnson Controls' motion to dismiss Plaintiffs' Complaint, Johnson Controls was permitted to pursue an interlocutory appeal.[2]   On appeal, however, the Third Circuit

---

[1] The background of this case is more fully set forth in the Court' Memorandum denying Johnson Controls' Motion to Dismiss Plaintiffs' Complaint.   (*See* ECF No. 33.)

[2] We granted Johnson Controls' motion to certify the denial of its motion to dismiss for interlocutory appeal (*see* ECF Nos. 58, 59), and the Third Circuit Court of Appeals granted Johnson Controls' petition for permission to appeal under 28 U.S.C. § 1292(b).   *See Peace Church Risk Retention*

identified a threshold jurisdictional question regarding the Plaintiffs' citizenship, and after receiving submissions from the parties on that issue, it vacated the denial of Johnson Controls' motion to dismiss and remanded the matter for this Court to make findings and conclusions concerning diversity jurisdiction. *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869-73 (3d Cir. 2022). On remand, the parties submitted memoranda regarding their entities' forms, membership, and citizenship. (*See* ECF Nos. 71, 72.) Thereafter, the parties submitted jointly proposed findings of fact and conclusions of law regarding diversity jurisdiction. (*See* ECF No. 75.) The following sets forth the Court's findings of fact and conclusions of law regarding the parties' citizenship as of November 15, 2019, the date Plaintiffs filed this lawsuit, and the existence of diversity jurisdiction under 28 U.S.C. § 1332(a).

I.  **FINDINGS OF FACT**

   A.  **Citizenship of Peace Church's and Caring Communities' Subscribers as of November 15, 2019**

   1.  Peace Church and Caring Communities are both structured as reciprocal insurance organizations.³ (ECF No. 71 at 1.)

   2.  As of November 15, 2019, Peace Church maintained its principal place of business in Vermont, and its subscribers were corporations incorporated and with their principal places of business in the following states: California, Delaware, Florida, Illinois, Indiana, Iowa, Kansas, Maryland, Michigan, Missouri, New Hampshire, New Jersey, Ohio, Oklahoma, Oregon,

---

*Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869 (3d Cir. 2022).

   ³ Regarding the citizenship of reciprocal insurance exchanges, the Third Circuit held that "[b]ecause the members of a reciprocal insurance exchange are its subscribers, we look to the citizenships of those subscribers to determine the citizenship of the exchange itself." *Peace Church*, 49 F.4th at 872 (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990)).

Pennsylvania, and Virginia. (ECF. No. 71-1, ¶¶ 2(a), (c).)

3.      As of November 15, 2019, Caring Communities maintained its principal place of business in the District of Columbia, and its subscribers were corporations incorporated and with their principal places of business in the following states:  Alabama, Arizona, California, Colorado, Connecticut, Hawaii, Illinois, Indiana, Iowa, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Montana, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Virginia, Washington, and Wisconsin.  (See Doc. No. 71-2, ¶¶ 2(a), (c).)

**B.      Citizenship of Johnson Controls' Members as of November 15, 2019[4]**

4.      Johnson Controls is a limited partnership.  (ECF No. 72 at 2.)

5.      As of November 15, 2019, Johnson Controls had four partners: (1) Simplex Time Recorder LLC; (2) Tyco Fire Protection LLC; (3) Master Protection LP; and (4) STR Grinnell GP Holding, LLC.  The membership of these entities was as follows.  (ECF No. 72-1, ¶ 4.)

*1.      Simplex Time Recorder LLC*

6.      SimplexGrinnell Holdings LLC was the sole member of Simplex Time Recorder LLC.  (*Id.* ¶ 5.)

7.      Tyco International Management Company, LLC was the sole member of SimplexGrinnell Holdings LLC.  (*Id.* ¶ 6.)

8.      Tyco Fire & Security US Holdings LLC was the sole member of Tyco International Management Company, LLC.  (*Id.* ¶ 7.)

9.      Tyco Fire & Security (US) Management, LLC was the sole member of Tyco Fire &

---

[4] Charts graphically depicting the membership/ownership structure of Johnson Controls are attached as Exhibit B to Johnson Controls' Memorandum identifying its citizenship for diversity purposes.  (*See* ECF No. 72-2.)

Security US Holdings LLC.  (*Id*. ¶ 8.)

10. Johnson Controls US Holdings, LLC was the sole member of Tyco Fire & Security (US) Management, LLC.  (*Id*. ¶ 9.)

### 2. *Tyco Fire Protection LLC*

11. Tyco Fire & Security US Holdings LLC was the sole member of Tyco Fire Protection LLC.  (*Id.* ¶ 10.)

12. Tyco Fire & Security (US) Management, LLC was the sole member of Tyco Fire & Security US Holdings LLC.  (*See* ¶ 9*, supra*.)

13. Johnson Controls US Holdings, LLC was the sole member of Tyco Fire & Security (US) Management, LLC.  (*See* ¶ 10*, supra*.)

### 3. *Master Protection LP*

14. Master Protection LP had two partners:  (1) Simplex Time Recorder LLC, and (2) SimplexGrinnell Holdings LLC.  (ECF No. 72-1, ¶ 11.)

15. Simplex Time Recorder LLC's membership structure is set forth in Paragraphs 6-10, *supra*.

16. SimplexGrinnell Holdings LLC's membership structure is set forth in Paragraphs 7-10, *supra*.

### 4. *STR Grinnell GP Holding, LLC*

17. Simplex Time Recorder LLC was the sole member of STR Grinnell GP Holdings, LLC.  (ECF No. 72-1, ¶ 12.)

18. Simplex Time Recorder LLC's membership structure is set forth in Paragraphs 6-10, *supra*.

### 5. *Johnson Controls US Holdings, LLC*

19. Based on the foregoing, Johnson Controls US Holdings, LLC ("Johnson Holdings") is the last U.S.-based entity in the membership or partnership chain of each of the partners of Johnson Controls.

20. As of November 15, 2019, Johnson Holdings had three members: (1) Tyco International Finance S.A.; (2) Tyco International Holding S.a.r.l.; and (3) JIH S.a.r.l.[5] (ECF No. 72-1, ¶ 13.)

*Tyco International Finance S.A.*

21. Tyco International Finance S.A. was a corporation, incorporated as a société anonyme, or public limited company, under the laws of Luxembourg, with its principal place of business in Luxembourg. (*Id.* ¶¶ 14-15.)

*Tyco International Holding S.a.r.l.*

22. Tyco International Holding S.a.r.l. was incorporated in Luxembourg and its principal place of business was in Luxembourg. (*Id.* ¶ 16.)

23. Tyco International Finance S.A. was the sole owner of Tyco International Holding S.a.r.l. (*Id.* ¶ 17.)

*JIH S.a.r.l.*

24. JIH S.a.r.l. was incorporated in Luxembourg and its principal place of business was

---

[5] With respect to citizenship for purposes of diversity jurisdiction, société anonymes are regularly treated as foreign corporations. *See Finco Prime Consulting Corp. v. Belmamoun,* No. 22-952, 2022 WL 2237445, at *1 (S.D.N.Y. June 22, 2022). However, existing caselaw does not identify a uniform rule for determining the citizenship of a foreign S.a.r.l. or S.C.A. Here, we need not decide whether the foreign entities in the membership chain of Johnson Holdings are corporations or unincorporated entities for purposes of diversity, as Defendant represents that all these foreign entities and their owners or members were incorporated and have their principal places of business in, and are citizens of, foreign states.

in Luxembourg.  (*Id.* ¶ 18.)

25. Johnson Controls Luxembourg European Finance Sarl was the sole owner of JIH S.a.r.l.  (*Id.* ¶ 19.)

26. The sole owner of Johnson Controls Luxembourg European Finance Sarl was Tyco Fire & Security Finance S.C.A.  (*Id.* ¶ 20.)

27. Tyco Fire & Security Finance S.C.A. was incorporated in Luxembourg and its principal place of business was in Luxembourg.  (*Id.* ¶ 21.)

28.  Tyco Fire & Security Finance S.C.A. had two owners: (1) Johnson Controls International PLC, and (2) Tyco Fire & Security Sarl.  (*Id.* ¶ 22.)

29. Johnson Controls International PLC was a corporation, incorporated as a public limited company, under the laws of the Republic of Ireland, with its principal place of business in Ireland   (*Id.* ¶¶ 23-24.)

30. Johnson Controls International PLC was the sole owner of Tyco Fire & Security Sarl.  (*Id.* ¶ 25.)

## II. CONCLUSIONS OF LAW

"In order to meet the strictures of the diversity statute, complete diversity is required, meaning that at the time the complaint is filed, no party can be a citizen of the same state as any opposing party."  *Peace Church*, 49 F.4th at 870.  It is well established that in determining citizenship for diversity jurisdiction, "'[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.'"  *Id*. (quoting *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  With respect to a foreign corporation, it is deemed to be a citizen of every foreign state by which it has been incorporated and of the foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

However, "[f]or artificial entities other than corporations, the general rule is that the citizenship of the entity is determined by the citizenship of all its members."  *Id*. (internal quotation omitted).  Thus, the citizenship of unincorporated associations, including partnerships and limited liability companies, is determined by the citizenship of the entity's partners or members.  *See id*. ("The citizenship of a limited partnership is the same as the citizenship(s) of all of its partners, including its limited partners."); *Zambelli Fireworks*, 592 F.3d at 420 ("[T]he citizenship of an LLC is determined by the citizenship of its members.")  Moreover, "[t]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Peace Church*, 49 F.4th at 870 n.2 (internal quotation omitted).  As noted above, this rule applies to reciprocal insurance exchanges.  *Id*. at 872.

Here, as of the date the Complaint in this matter was filed, one or both of Plaintiffs Peace Church and Caring Communities were citizens of Alabama, Arizona, California, Colorado, Connecticut, Delaware, Florida, Hawaii, Illinois, Indiana, Iowa, Kansas, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Montana, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Virginia, Washington, and Wisconsin.  With respect to Defendant Johnson Controls, the three foreign entities that are the members of Johnson Holdings, the entity that ultimately traces its corporate lineage back to Johnson Controls, are citizens of Luxembourg (Tyco International Finance S.A., and Tyco International Holding S.a.r.l.) and of Luxembourg or Ireland (JIH S.a.r.l.).  Thus, for diversity purposes, Defendant Johnson Controls was a citizen of a foreign state or states and was not a citizen of any State of the United States, while Plaintiffs were citizens of various States of the United States.

### III. CONCLUSION

Accordingly, this Court has subject matter jurisdiction over this matter under 28 U.S.C.

§ 1332(a)(2), because complete diversity exists.   Having found that diversity jurisdiction exists, the Court will reissue its previous rulings denying Johnson Controls' Motion to Dismiss and granting Johnson Controls' Motion to Certify the denial of the Motion to Dismiss for interlocutory appeal.  An appropriate order follows.

                                              **BY THE COURT:**

                                       */s/ R. Barclay Surrick*
                                      **R. BARCLAY SURRICK, J.**